UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jesse R Lane, #345702, ) | C/A No.: 5:15-cv-00390-SB-KDW |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | REPORT AND RECOMMENDATION |
| ) | |
| Warden Reynolds, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner, proceeding pro se and *in forma pauperis*, brought a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. On June 4, 2015, Respondent filed a Return and a Motion for Summary Judgment. ECF Nos. 26, 27. As Petitioner is proceeding pro se, the court entered an order on June 5, 2015, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the importance of such motions and of the need for him to file an adequate response. ECF No. 28. Petitioner was specifically advised that if he failed to respond adequately, Respondent's Motion may be granted, thereby ending Petitioner's case. The court instructed Petitioner to file a response no later than July 9, 2015. *Id.* Notwithstanding the specific warning and instructions set forth in the court's *Roseboro* order, Petitioner failed to respond to Respondent's Motion for Summary Judgment.

On July 16, 2015, the court ordered Petitioner to advise the court whether he wished to continue with the case and to file a response to the Motion for Summary Judgment by August 14, 2015. ECF No. 30. Petitioner filed no response. As such, it appears to the court that he does not oppose Respondent's Motion and wishes to abandon this action. Based on the foregoing, the undersigned recommends Petitioner's action be dismissed with prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Davis v. Williams*, 588 F.2d 69, 70 (4th

Cir. 1978) (noting that a court deciding whether to dismiss a case under Fed. R. Civ. P. 41(b) must balance the policy of deciding cases on their merits against "sound judicial administration." In so doing, the court must weigh: 1) plaintiff's responsibility for failure to prosecute, 2) prejudice to defendant from delay, 3) history of delay, and 4) effectiveness of lesser sanctions.); *see also Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989) (noting and applying *Davis* factors in dismissing case under Fed. R. Civ. P. 41(b)); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (same). Based upon the above, and taking into account the factors in *Davis*, *Ballard*, and *Chandler*, the undersigned recommends this action be dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

IT IS SO RECOMMENDED.

August 18, 2015                                                                                         Kaymani D. West
Florence, South Carolina                                                                      United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**