IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Jesse R. Lane, #345702, )
 )
        Petitioner, )
 )
v. )   Civil Action No. 5:15-390-SB
 )
 )   **ORDER**
Warden Reynolds, )
 )
        Respondent. )
_____)



This matter is before the Court on Jesse R. Lane's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to Local Rule 73.02(B)(2)(a), the matter was referred to a United States Magistrate Judge for preliminary review.

On June 4, 2015, the Respondent filed a motion for summary judgment, and on June 5, 2015, the Magistrate Judge issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising the Petitioner of the summary judgment procedure and the possible consequences of a failure to respond to the motion. The order also instructed the Petitioner to file a response no later than July 9, 2015. When the Petitioner failed to file a response, the Magistrate Judge filed another order on July 16, 2015, instructing the Petitioner to advise the Court whether he wished to continue with the case and to file a response to the motion for summary judgment by August 14, 2015. The Petitioner again failed to respond. Therefore, on August 18, 2015, the Magistrate Judge issued a report and recommendation ("R&R"), analyzing the issues and recommending that the Court dismiss this case with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure based on the Petitioner's failure to prosecute. Attached the R&R was a notice advising the Petitioner of his right to file written, specific objections to the R&R within

fourteen days of receiving a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the R&R to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' ") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. Finding none, the Court hereby adopts the R&R (Entry 33) and dismisses this case with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure based on the Petitioner's failure to prosecute.

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

September **10**, 2015
Charleston, South Carolina

2

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c)(2)-(3). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that this Court's assessment of the prisoner's constitutional claims is debatable or wrong and that any dispositive procedural ruling by the Court is likewise debatable. See Miller–El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir.2001). Here, the Court finds that the legal standard for the issuance of a certificate of appealability has not been met. Therefore, the Court denies a certificate of appealability.

